UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STATE AUTOMOBILE MUTUAL INSURANCE COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) CAUSE NO. 1:06-cv-1616-DFH-WTL ) ) |
| JAMES A. REED, *et al.*, | ) ) |
| Defendants. | ) |

ENTRY ON MOTION TO DISMISS OR STAY

Several defendants have moved to dismiss or stay this declaratory judgment action filed by plaintiff State Automobile Mutual Insurance Company ("State Auto"), which seeks a declaration regarding insurance coverage issues for pollution of groundwater in Martinsville, Indiana allegedly caused by a dry-cleaning business insured by State Auto. The moving defendants argue that a closely parallel action is pending in state court in which the state law claims in this action may also be resolved.

As a general rule, a federal court should dismiss or stay a declaratory judgment action where a closely parallel action is pending in state court and offers an appropriate and timely forum for resolving the claims and issues pending before the federal court. See *Wilton v. Seven Falls Co.*, 515 U.S. 277, 289-90 (1995) (affirming stay where parallel state court action was filed shortly after

Case 1:06-cv-01616-DFH-WTL   Document 111   Filed 03/28/08   Page 2 of 9 PageID #: 2470

federal declaratory judgment action on insurance coverage); *Brillhart v. Excess Ins. Co.*, 316 U.S. 491, 495-98 (1942) (affirming dismissal of federal declaratory judgment action on insurance coverage where later-filed state court garnishment proceeding could resolve all issues between parties); *Sta-Rite Industries, Inc. v. Allstate Ins. Co.*, 96 F.3d 281, 287 (7th Cir. 1996) (affirming dismissal and holding in alternative that district court had discretion to dismiss to allow state court to resolve insurance coverage issues); *American Fire & Cas. Co. v. Directions in Design, Inc.*, 2003 WL 23220052, at *5 (S.D. Ind. Dec. 29, 2003) (staying federal declaratory judgment action where more comprehensive state court case could resolve claims and issues); *Pence v. Lightning Rod Mut. Ins. Co.*, 203 F. Supp. 2d 1025, 1028-29 (S.D. Ind. 2002) (same).

State Auto argues that the unusual history behind this lawsuit weighs heavily against application of the usual approach of staying or dismissing the federal declaratory judgment action. This case is one of several lawsuits in federal and state courts addressing the fallout from groundwater pollution in the city of Martinsville, Indiana. Four related federal actions were filed in this district in late 2004 and early 2005. See *Cunningham, et al. v. Masterwear, Inc., et al.*, No. 1:04-cv-1616-LJM-WTL; *City of Martinsville v. Masterwear, Inc., et al.*, No. 1:04-cv-1994-RLY-WTL; *Ohio Casualty Ins. Co. v. Reed, et al.*, No. 1:04-cv-2027-DFH-WTL; and *United States v. Masterwear Corp.*, No. 1:05-cv-373-JDT-WTL. The four cases were coordinated for discovery and pretrial management under the direction of Magistrate Judge Lawrence.

-2-

The case that most closely parallels this one is *Ohio Casualty v. Reed*, in which the plaintiff insurer had invoked the court's interpleader jurisdiction under 28 U.S.C. § 1335. The plaintiff had not actually deposited the amount in controversy with the court, however. Potentially dispositive motions were briefed and ripe for decision when the court decided a pending motion concerning the amount that needed to be deposited under the interpleader statute. The court ordered the plaintiff to make its deposit, but in an amount greater than plaintiff believed it might owe. The plaintiff eventually chose not to make any deposit and then moved to dismiss for lack of jurisdiction because diversity of citizenship was not complete and jurisdiction was not available under 28 U.S.C. § 1332 or § 1335. See *Ohio Casualty Ins. Co. v. Reed*, 2006 WL 3240501 (S.D. Ind. Nov. 2, 2006).

On November 2, 2006, the court reluctantly dismissed the action for lack of jurisdiction. The court rejected co-defendant State Auto's suggestion that it could amend its pleadings and try to save a portion of the case as proper under diversity jurisdiction. The court concluded that State Auto's proposal posed too great a risk of going forward without proper subject matter jurisdiction. Instead, the court invited State Auto or other parties to file a new action: "If any party wishes to file a new action in this court within its original jurisdiction, the court will act promptly to coordinate any such action with the other related actions and to avoid as much waste of time, effort, and expense as possible." *Id.* at *4. The court recognized that portions of the overall controversy might revert to state court. *Id.* (declining to opine on possible future use of federal discovery in

"possible future state court litigation"). The court also ordered plaintiff Ohio Casualty to pay the other parties' costs under 28 U.S.C. § 1919 and to show cause why it should not be found to have violated Rule 11 of the Federal Rules of Civil Procedure by the manipulation of the jurisdictional status. (Those matters remain before this court, having been tabled for a time to allow settlement efforts that have not been successful. The court now expects to rule soon.)

After this court dismissed the *Ohio Casualty* case, State Auto filed this action seeking to restore to the federal docket as much of the *Ohio Casualty* case as possible. Plaintiff State Auto filed this action on November 7, 2006, just five days after dismissal of the *Ohio Casualty* case. State Auto included a request for a declaratory judgment that it owed no duty to defend or indemnify Reed and Masterwear, citing numerous defenses under the terms of the applicable liability insurance policy.

Several weeks earlier, however, on October 16, 2006, some of the defendants in this case (the ones who have moved to dismiss or stay) had filed a lawsuit in state court seeking damages from James A. Reed and Masterwear, Inc. See *Neal, et al. v. Reed, et al.*, No. 49F12-0610-PL-42308 (Marion Sup. Ct.). The state court action includes the underlying claims against the alleged polluters, as well as the insurance coverage issues presented in this new federal declaratory judgment action. Plaintiffs in the state court action are seeking a declaratory judgment that State Auto is obligated to indemnify Reed and Masterwear. The

state court action also includes as parties the other insurers involved in the controversy, including Ohio Casualty, Hoosier Insurance, and USF&G. In both this case and the state court action (by order of the state court), the discovery done in the *Ohio Casualty* case and the other federal cases is available for use by all parties.

Plaintiff State Auto argues that this unusual history should distinguish this case from those following *Wilton* and *Brillhart* to stay or dismiss federal declaratory judgment actions where a pending parallel state court case provides a forum for resolving the same issues and claims. State Auto urges the court to view this federal case as merely a continuation of the *Ohio Casualty* case filed in 2004, so that the state court action filed much later in 2006 should not take precedence.

Under *Wilton* and *Brillhart*, the court considers the scope of the pending state court proceeding and the nature of the defenses (or other issues) available there, whether the claims of all parties can be adjudicated satisfactorily in the state court proceeding, whether necessary parties have been joined, and whether parties are amenable to process in the state court proceeding. See *Wilton*, 515 U.S. at 283; *Brillhart*, 316 U.S. at 495. Where another suit pending in state court involves the same parties and presents the same opportunities for hearing and resolving the same state law issues, the Supreme Court has cautioned that a federal court might indulge in "gratuitous interference" with the state courts by

allowing the federal action to proceed.  *Wilton,* 515 U.S. at 277, quoting *Brillhart,* 316 U.S. at 495.

The usual factors here all weigh in favor of a stay.  The claims of all parties in this action can be adjudicated fairly in the state court proceeding.  The only federal parties whose presence in the state court might be questionable, the Cunninghams, have consented to service in the state court action.  The state court action has progressed at least as far as this action, since the state court has also allowed the parties to take advantage of the discovery and other work done in the various federal actions filed in 2004 and 2005.  The current trial date in the state court is several months earlier than the trial date scheduled here.

The Marion Superior Court is situated at least as well as this court to resolve the parties' claims and defenses under state law.  The state court case is more comprehensive, including all the insurers and their coverage issues, as well as the underlying substantive claims against the alleged polluters.  That comprehensive character reduces the chance of inconsistent judgments if this court were to proceed to hear and decide a portion of the claims and issues pending in the state court.  This court has no advantage in terms of time or earlier progress; the state court may take as much advantage of the earlier proceedings as this court could.

The court agrees with State Auto to the extent that the unusual history of this case might serve to distinguish the *Wilton-Brillhart* line of cases, and perhaps the court could justify retaining jurisdiction of what amounts to a continuation of most of the *Ohio Casualty* case. Although no single factor is decisive in this discretionary judgment, one important factor is that all of the claims in this case and in the parallel state court action arise under and are governed by state law. In such a case, there is only a limited federal interest in exercising the discretionary grant of jurisdiction under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

On November 2, 2006, when this court invited the filing of a new action in this court, the court was not aware of the newly filed state court action. The court recognizes that State Auto and the other parties here have re-briefed the summary judgment motions that had been filed in the *Ohio Casualty* case, and that re-filing them yet again in the state court involves at least some duplication of effort. The court also understands State Auto's frustration with the situation here. Nevertheless, the court believes that the frustration is best directed at Ohio Casualty and its handling of interpleader jurisdiction in the earlier case.

For the foregoing reasons, this court exercises its discretion not to proceed further at this time under the Declaratory Judgment Act. The court will stay the case, rather than dismiss it, as a precaution against some unexpected development that might derail the state court action.

The court therefore grants defendants' motion to dismiss or stay (Dkt. No. 61) to the extent that this action is hereby STAYED pending resolution of the state court proceeding or further order of this court. The court denies as moot defendants' motion to defer further briefing on State Auto's motion for summary judgment (Dkt. No. 60). The court denies without prejudice State Auto's motion for summary judgment (Dkt. No. 45) and State Auto's motion to strike affidavits and reports (Dkt. No. 94). The court directs the Clerk to close this case administratively, though it may be reopened upon motion of a party.

So ordered.

Date: March 28, 2008

*David F. Hamilton*

DAVID F. HAMILTON, CHIEF JUDGE
United States District Court
Southern District of Indiana

Copies to:

Jonathan P. Emenhiser
PLEWS SHADLEY RACHER & BRAUN
jemenhiser@psrb.com

Peter Ralph Foley
FOLEY FOLEY & PEDEN
peterffplaw@insightbb.com

Kandi Kilkelly Hidde
BINGHAM MCHALE LLP
khidde@binghammchale.com

Barbara A. Jones
BINGHAM MCHALE, LLP
bjones@binghammchale.com

Peter M. Racher
PLEWS SHADLEY RACHER & BRAUN
pracher@psrb.com

Jana K. Strain
PRICE WAICUKAUSKI & RILEY
jstrain@price-law.com

Ronald J. Waicukauski
PRICE WAICUKAUSKI & RILEY
rwaicukauski@price-law.com

JAMES A REED
P. O. Box 17555
Indianapolis, IN 46217

LINDA LOU MULL REED
P. O. Box 17555
Indianapolis, IN 46217